United States District Court
Southern District of Texas
**ENTERED**
October 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 5:22-CV-120 |
| | § | |
| ASOCIADOS DJLS, LLC *et al.*, | § | |
| | § | |
| Defendants. | § | |

# REPORT AND RECOMMENDATION OF
# THE UNITED STATES MAGISTRATE JUDGE

Pending before the court is Plaintiff's motion for default judgment against Defendants Asociados DJLS, LLC and Sheila L. Murillo, its registered agent, individually and doing business as La Jaiba Loca. (Dkt. No. 11). This case was referred to the Undersigned by United States District Judge Marina Garcia Marmolejo for a report and recommendation. (Dkt. No. 12). For the following reasons, Plaintiff's request for relief should be **GRANTED**.

## I.    BACKGROUND

Plaintiff Joe Hand Promotions, Inc. held the exclusive commercial license to distribute and authorize the telecast of the January 18, 2020, *Ultimate Fighting Championship® 246: Conor McGregor vs. Donald "Cowboy" Cerrone* mixed martial arts match, including all undercard bouts and commentary (the "Program"). (Dkt. No. 1 at 2). In Texas, the Program was legally available to commercial establishments only through an agreement with Plaintiff. (Dkt. No. 11 at 10). Authorized commercial establishments who contracted with Plaintiff were required to pay to Plaintiff a

1

commercial sublicense fee to receive the Program. (*Id.* at 11). If a commercial establishment was authorized by Plaintiff to receive the Program, Plaintiff would either authorize the establishment's cable or satellite television provider to release the Program to the establishment or authorize the receipt of the Program via an internet stream. (*See* Dkt. Nos. 1 ¶ 7, 11-3 ¶¶ 5-6, 8, 10-11).

The Complaint alleges Defendants unlawfully intercepted Plaintiff's telecast and exhibited the Program to customers in La Jaiba Loca without having paid the commercial sublicense fee. (Dkt. No. 1 ¶¶ 9-17). Plaintiff claims this exhibition violated the Federal Communications Act of 1934, as amended by the Federal Cable Communications Act of 1984, 47 U.S.C. §§ 553 and 605, and seeks damages pursuant to those sections. (Dkt. No. 1 ¶¶ 18-23).

United States Magistrate Judge John A. Kazen granted Plaintiff's motion for substitute service on March 15, 2023. (Dkt. No. 5). Defendants were served with process on March 23, 2023. (Dkt. Nos. 6, 7). On May 17, 2023, Plaintiff filed a request for entry of default, and on May 26, 2023, the Clerk of Court entered default against Defendants. (Dkt. Nos. 9, 10). To date, Defendants have not filed a responsive pleading. Plaintiff now moves for default judgment. (Dkt. No. 11). In sum, Plaintiff seeks a final default judgment against Defendants awarding:

1. Statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $10,000; and

2. Additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $30,000.000; and

3. Attorney fees from Defendants, jointly and severally, in the amount of the hourly time presented in the Affidavit for Attorney Fees and Costs (for prosecution of this case through the final default judgment); and

4. Costs from Defendants, jointly and severally, in the amount of $650.20; and

5. Post-judgment interest at the highest lawful rate; and

6. Such other and further relief to which Plaintiff is entitled.

(Dkt. No. 11 at 23). Plaintiff attaches 12 exhibits to its motion for default judgment in support of its claims. (*See* Dkt. Nos. 11-1, 11-2, 11-3, 11-4, 11-5, 11-6, 11-7, 11-8, 11-9, 11-10, 11-11, 11-12).

## II. LEGAL STANDARD

Under Fifth Circuit law, there are three steps to obtaining a default judgment: (1) default, (2) entry of default, and (3) default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*." *Id*. (citing Fed. R. Civ. P. 55(a)) (footnote omitted).

In determining whether a default judgment should be entered against a defendant, courts have developed a two-part analysis. *First*, courts must consider whether entry of default judgment is appropriate under the circumstances. *Lindsey*

*v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Factors relevant to this inquiry include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id. Second,* Courts must "assess the merits of the plaintiff's claims and find a sufficient basis in the pleadings for the judgment." *J & J Sports Prods., Inc. v. Guerrero*, No. 5:17-CV-92, 2018 WL 375391, at *1 (S.D. Tex. Jan. 11, 2018) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In doing so, courts accept as true the well-pleaded factual allegations in the complaint. *Id.* However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

While a defendant's default concedes the truth of a complaint's factual allegations, a plaintiff must still prove damages. *U.S. for the Use of M–Co Constr. v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Damages are normally not awarded without an evidentiary hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). "That rule, however, is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.* (citations omitted).

### III. ANALYSIS

#### A. The Appropriateness of Default Judgment

In this case, the Undersigned finds that the six *Lindsey* factors, outlined above, weigh in favor of granting default judgment. *First*, Defendants have not filed any

4

responsive pleadings, so no material facts are in dispute. *See Nishimatsu*, 515 F.2d at 1206 (noting that "the defendant, by his default, admits the plaintiff's well pleaded allegations of fact."). *Second*, Defendant's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *See Insurance Co. of the West v. H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *1 (S.D. Tex. Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893). *Third*, the grounds for default have been clearly established due to Defendants' failure to answer or defend. *See Guerrero*, 2018 WL 375391 at *2. *Fourth*, there is no evidence before the Court indicating that Defendants' silence is the result of a good-faith mistake or excusable neglect. *Id.* (citing *Lindsey*, 161 F.3d at 893). *Fifth*, "the harshness of default judgment is mitigated as time passes without an appearance or filing from an opposing party," which in this case has been over ten months. *Id. Sixth*, the Undersigned is unaware of any facts which would give rise to good cause to set aside the default if challenged by Defendants. *Id.*

Because Defendants were properly served in this action and failed to answer or otherwise defend themselves, the grounds for default judgment are clearly established. Thus, the Undersigned finds that entry of default judgment is appropriate here.

**B. The Basis for Judgment in the Pleadings**

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D.

Tex. Mar. 17, 2016). However, "a defendant's default does not in itself warrant the court in entering a default judgment;" rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.

### 1. Statutory Damages Under 47 U.S.C. § 605(e)(3)(C)(i)(II)

Section 605 of the Federal Communications Act provides that:

> [N]o person . . . shall intercept any radio communication and divulge or publish the existence, contents, substances, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication . . . for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). Section 605 is a strict liability statute and "applies to unauthorized interceptions of signals through radio or satellite, but not cable communications." *J & J Sports Prods, Inc. v. Little Napoli, Inc.,* No. CIV. A. H–13–1237, 2014 WL 3667903, at *2 (S.D. Tex. July 22, 2014) (citing *J & J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.,* 751 F.3d 346, 351 (5th Cir.2014)). To establish liability, plaintiff need only show that (1) the Program was exhibited in Defendants' establishment and (2) Plaintiff did not authorize the particular exhibition of the Program. *Little Napoli, Inc.,* 2014 WL 3667903, at *2.[1] The aggrieved party may elect to receive actual damages or statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Plaintiff elects statutory damages and seeks the maximum. (Dkt. No. 11 at 17).

---

[1] *See also Joe Hand Promotions, Inc. v. Dadson*, No. Civ. A. H-13-3609, 2014 WL 5035300 (S.D. Tex. Oct. 8, 2014); *Garden City Boxing Club, Inc. v. Vinson*, No. 3.03–CV–0700–BD(P), 2003 WL 22077958, at *3 (N.D.Tex. Sept.3, 2003); *Joe Hand Promotions, Inc., v. Lee*, No. H–11–2904, 2012 WL 1909348, at *3 (S.D.Tex. May 24, 2012).

Plaintiff attached to its motion for default judgment copies of Defendants' business records, a declaration of Joseph P. Hand, III (President of Plaintiff), the Commercial Licensing Agreement for the Program, and the UFC Piracy Affidavit of Juan Castillo. (Dkt. Nos. 11-2, 11-3, 11-4, 11-6). Castillo is Plaintiff's auditor who entered La Jaiba Loca on the night of the Program and observed its exhibition. (Dkt. No. 11 at 9). In the UFC Piracy Affidavit, Castillo reports:

> On January 18, 2020, at 10:57 [p.m.] I entered the commercial establishment known as La Jaiba Loca which is located at 8602 McPherson Road Ste 101 in Laredo, Texas 78045 . . . Once I entered, I noticed that the Pay Per View UFC-246 Event was being show[n] on [eight] flat screen televisions . . . At the time I was at this establishment I count[ed] 100 people . . . I took one short video[] of the PPV event while it was being shown on one of the televisions at the above described establishment.

(Dkt. No. 11-6 at 1-2). Taking the facts put forth as true the Undersigned finds Defendants displayed the Program without authorization, establishing base liability under Section 605. Accordingly, Plaintiff is entitled to recover statutory damages.

United States District Courts throughout the country have used a variety of methods to calculate appropriate statutory damages: a "flat sum based on considerations of justice," an amount that will deter but that will not put a defendant out of business, counting the patrons that viewed the exhibition and multiplying the head count by $20 to $300 to account for the licensor's per-patron residential license fee, counting the television sets that exhibited the intercepted broadcast and multiplying the number by $5,000, and simply awarding default judgment in the amount of all damages requested by Plaintiff. *G&G Closed Cir. Events, LLC v. Alejandro*, No. 7:20-CV-00097, 2020 WL 5500302 (S.D. Tex. Sept. 11, 2020) (citing *J*

7

*& J Sports Prods., Inc. v. Cruisin1, Inc.*, No. 417CV11155TGBDRG, 2019 WL 1584538, at *3 (E.D. Mich. Apr. 12, 2019). Regardless, the Court must increase the statutory damages award above Plaintiff's actual damages or commercial establishments "would be encouraged to violate the law knowing the full extent of their liability would not exceed what they would have to pay for a license on the open market." *Joe Hand Promotions, Inc. v. Chios, Inc.*, No. 4:11-CV-2411, 2012 WL 3069935, at *5 (S.D. Tex. July 27, 2012) (Hoyt, J.) (quoting *Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172, 1174 (S.D.N.Y. 1983)), *aff'd,* 544 F. App'x 444 (5th Cir. 2013).

Here, the record establishes that Defendants broadcast the event to approximately 100 people at La Jaiba Loca on eight television screens. (Dkt. No. 11-6 at 1-2). Castillo reports the approximate capacity of La Jaiba Loca is 200 people. *Id.* For an establishment with a capacity of 200 people, the commercial license fee would have been $1,850. (Dkt. No. 11-5). While the record also establishes that La Jaiba Loca advertised the Program on its Facebook account prior to the mixed martial arts match, Castillo reports he did not pay a cover charge to enter La Jaiba Loca. (Dkt. Nos. 11-6, 11-8). Thus, the Undersigned finds an award of damages two times the amount of the lawful sublicense fee accounts for "money saved by not complying with the law, as well as any profits made from food and drink sales associated with customers who stayed and watched the [Program]." *Joe Hands Promotions v. Garcia*, 546 F.Supp.2d 383, 386 (W.D. Tex. 2008).[2] Therefore, to compensate Plaintiff for the

---

[2] *See also J&J Sports Prods., Inc. v. Circle R & R, Inc.*, No. 4:18-CV-1359, 2019 WL 937348 at *4 (S.D. Tex. Feb. 11, 2019), *R. & R. adopted*, No. 4.18-CV-1359, 2019 WL 936522 (S.D. Tex. Feb. 26,

violation of Section 605, the Undersigned finds a statutory award of $3,700 is appropriate.

### 2. Damages for Willful Act Under 47 U.S.C. § 605(e)(3)(C)(ii)

Section 605(e)(3)(C)(ii) of the Federal Communications Act provides that:

> In any case in which the court finds the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000 for each violation.

47 U.S.C. § 605(e)(3)(C)(ii). Thus, a Court must find (1) willfulness and (2) some commercial advantage or gain to award enhanced damages. *G&G Closed Cir. Events, LLC v. Alejandro*, No. 7:20-CV-00097, 2020 WL 5500302 (S.D. Tex. Sept. 11, 2020). Plaintiff points to aggravating factors it contends should urge the Undersigned to grant enhanced damages, specifically that Defendants: acted willfully, acted for the purpose of commercial advantage or financial gain, broadcast the Program on eight televisions, advertised the Program to draw patrons, sold food and drinks while exhibiting the Program, and exhibited the Program in an urban area. (Dkt. No. 11 at 18-21). Plaintiff seeks $30,000 or three times the amount of statutory damages. (*Id.* at 21).

As to the first element of enhanced damages, a "willful" act in the context of a civil statute is defined as "disregard for the governing statute and an indifference for its requirements." *J&J Sports Prods., Inc. v. Sw. Texas Entm't, Inc.*, No. DR-17-CV-045-AM, 2019 WL 2565255, at *4 (W.D. Tex. Mar. 27, 2019). In determining whether

---

2019) (doubling the sublicensing fee).

"the violation was committed willfully," courts have considered the following as indicia of willfulness: repeated violations, a sophisticated understanding of the satellite programming industry and the governing statutes, a defendant's failure to appear and defend against allegations of willful conduct, a defendant's substantial unlawful monetary gains, and other egregious circumstances. *Joe Hand Promotions, Inc. v. Easterling*, No. 4:08CV1259, 2009 WL 1767579, at *6 n.2 (N.D. Ohio June 22, 2009) (collecting cases). Given the transmission of the Program was electronically coded or scrambled, Defendants "could not have 'innocently' accessed the broadcast of the Program." (Dkt. Nos. 1 at 3, 11 at 18). Defendants had to act specifically and willfully to illegally intercept the transmission. (Dkt. No. 11 at 18). Furthermore, the evidence indicates Defendant advertised the exhibition of the Program.



(*See* Dkt. No. 11-9). Thus, the Undersigned finds Defendants willfully violated the statute.

As to the second element of enhanced damages, courts consider "such factors as the number of televisions on which defendants broadcast the Event, the food and beverages it sold to customers, as well as the cover charge, and whether it was broadcast in a relatively urban city where the broadcast would have more than a minimal impact." *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747 (S.D. Tex. 2014). Plaintiff does not allege that Defendants charged a cover, however, Plaintiff alleges that Defendants served food and drinks and broadcasted the event on eight televisions. (Dkt. No. 11-6). Thus, the Undersigned finds that Defendants committed the violation for purposes of direct or indirect commercial advantage or gain.

Therefore, the Undersigned recommends awarding enhanced damages. "Generally, it is reasonable to increase an actual or statutory damages award by a multiplier to penalize Defendants for willful acts." *Joe Hand Promotions, Inc. v. Chios, Inc.*, No. 4:11-CV-2411, 2012 WL 3069935 (S.D. Tex. July 27, 2012), *aff'd*, 544 F. App'x 444 (5th Cir. 2013). An award of three to eight times the statutory damages is justified for a willful violation. *J & J Sports Prods., Inc. v. Guerrero*, No. 5:17-CV-92, 2018 WL 375391 (S.D. Tex. Jan. 11, 2018) (citing *J & J Sports Prods., Inc. v. Rivera*, No. CIV. A. H-13-902, 2014 WL 3533472, at *3 (S.D. Tex. July 14, 2014). Based on the facts in this case, the Undersigned recommends awarding triple the amount of statutory damages, specifically, $11,100 in enhanced damages under 47

U.S.C. § 605(e)(3)(C)(ii).

### 3. Individual Liability Under 47 U.S.C. § 605

Regarding Murillo's individual liability under Section 605, Plaintiff may hold Murillo vicariously liable if it demonstrates that Murillo (1) had a right and ability to supervise the exhibition, and (2) had a direct financial interest in the exploitation. *Little Napoli, Inc.,* 2014 WL 3667903, at *2; *See also J & J Sports Prods., Inc v. Q Café, Inc.,* No. 3:10-CV-02006-L, 2012 WL 215282 at *4 (N.D. Tex. Jan. 25, 2012). Here, Plaintiff attached to its motion for default judgment copies of Defendants' business records. (Dkt. No. 11-1). These business records include copies of the Articles of Organization for Asociados, DJLS, LLC from the Texas Secretary of State showing Murillo as the sole manager and organizer. *Id*. Additionally, a certified copy of the Certificate of Ownership from the Webb County Clerk listing Murillo as the owner of La Jaiba Loca is included. *Id*. Therefore, because the record establishes Murillo had a right and ability to supervise the activities of La Jaiba Loca on the date of the Program and an obvious and direct financial interest in the activities of La Jaiba Loca, Murillo is individually liable under Section 605.

### 4. Attorney Fees, Costs, and Postjudgment Interest

As the prevailing party, the Plaintiff is entitled to an award of its costs, including reasonable attorney fees. 47 U.S.C. § 605(e)(3)(B)(iii). "In determining the appropriate amount of attorney[] fees, a district court first must calculate the 'lodestar' by 'multiplying the reasonable number of hours expended on the case by the reasonable number of hours expended on the case by the reasonable hourly rates for

the participating lawyers." *Rodney v. Elliott Sec. Sols. L.L.C.*, 853 F. App'x 922, 924 (5th Cir. 2021 (quoting *Migis v. Peale Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)). Whether an hourly rate is reasonable depends on whether that rate is consistent with the "hourly rate in the community for the work at issue." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

In a sworn affidavit, Plaintiff's counsel Jamie King asserts he worked ten hours in connection with the prosecution of Plaintiff's claims and charged an hourly rate of $250. (Dkt. No. 11-10). Consistent with attorney fee awards in other anti-piracy cases in the Southern District of Texas, the Undersigned finds that this rate is reasonable in this case.[3] Therefore, the Undersigned recommends awarding attorney fees in the amount of $2,500. Additionally, Plaintiff requests $402 in filing fees, $225 in process-related costs, and $23.20 in copy fees. (Dkt. Nos. 11 at 23, 11-10 at 4). The Undersigned finds these costs reasonable.

Finally, Plaintiff also requests postjudgment interest "at the highest lawful rate." (Dkt. No. 11 at 23). Federal law governs the postjudgment interest rate. *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010); *Hall v. White, Getgey, Meyer Co.*, 465 F.3d 587, 594 (5th Cir. 2006). More specifically, 28 U.S.C. § 1961 sets the rate at the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of judgment. This rate may change, however, depending on when judgment is entered by the District Court.

---

[3] *See Joe Hand Promotions, Inc. v. Crystal Jeffliz LLC Corp, et al.*, No. 4:22-CV-02097 (S.D. Tex. Oct. 31, 2022); *Joe Hand Promotions, Inc. v. Glow Hookah Lounge, Inc.*, No. CV H-22-2235, 2023 WL 5352621 (S.D. Tex. Aug. 21, 2023)

Accordingly, the Undersigned recommends the District Judge consult the Federal Reserve Statistical Release table of selected interest rates, available at the website listed in footnote 4, to determine the appropriate post-judgment interest rate for this action depending on when judgment is entered.[4]

### 5. Joint and Several Liability

"After a default judgment, the Plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *Nishimatsu*, 515 F.2d at 1206. Here, Plaintiff alleges Defendant Asociados DJLS, LLC conducted business as La Jaiba Loca and owned, operated, maintained, and controlled La Jaiba Loca on the date of the Program. (*See* Dkt. Nos. 1, 11 at 9, 11-2, 16-8, 16-9). Further, Defendant Murillo was a member, manager, officer, and/or principal of the entity (Asociados DJSL, LLC) owning and operating La Jaiba Loca. (*See* Dkt. Nos. 1, 11-2). Thus, both Defendants are jointly and severally liable for the award of damages attributable to the violation of Section 605 found in this case.[5]

### IV. RECOMMENDATION

For the foregoing reasons, the Undersigned recommends Plaintiff's motion for default judgment be **GRANTED**. (Dkt. No. 11). The Undersigned finally recommends awarding amounts to Plaintiff collectible against Defendant as follow:

---

[4] https://www.federalreserve.gov/releases/h15/
[5] *See Little Napoli, Inc.*, 2014 WL 3667903, at *2 (applying joint and several liability to the establishment and its owner); *See also Cmty. Tv. Sys. v. Caruso*, 284 F.3d 430, 436 (2d Cir. 2002) ("[W]e think [S]ection 605 is sensibly construed to create joint and several liability among those found liable for a single award of damages attributable to [a violation of the statute] . . . [I]n the absence of proof of actual damages, those liable are fairly adjudged jointly and severally liable for one award of statutory damages.").

- $3,700 in statutory damages;

- $11,100 in enhanced damages;

- $2,500 in attorney fees;

- $650.20 in costs; and

- Postjudgment interest at the federal judgment rate.

## NOTICE TO PARTIES

The Clerk will file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED ON October 12, 2023, at Laredo, Texas.

CHRISTOPHER DOS SANTOS
UNITED STATES MAGISTRATE JUDGE